**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff-Appellee,<br><br>   v.<br><br>FOUINA C. TOILOLO, AKA Flex,<br><br>             Defendant-Appellant. | No.    15-10391<br><br>D.C. No.<br>1:11-cr-00506-LEK-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 18, 2016
Honolulu, Hawaii

Before:  WALLACE, FARRIS, and WATFORD, Circuit Judges.

   Fouina C. Toilolo appeals his conviction on retrial for conspiracy to

distribute and possess methamphetamine, in violation of 21 U.S.C. § 846.  We

have jurisdiction under 28 U.S.C. § 1291.  We affirm.

--------

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Toilolo argues the government's repeated violations of its discovery obligations constituted outrageous conduct amounting to a due process violation requiring dismissal of the indictment, or, in the alternative, were sufficient to require the district court to dismiss the indictment under its supervisory powers. Toilolo also argues the district court erred in denying his motion to exclude testimony and wiretap evidence from his retrial based on the government's failure to disclose other wiretap evidence before his first trial.

We review a district court's denial of a motion to dismiss an indictment on due process grounds de novo. *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991). Rulings on motions to dismiss an indictment under the court's supervisory powers are reviewed for abuse of discretion. *Id.* Factual findings upon which the decision was based are reviewed for clear error. *Id.* We review a district court's evidentiary rulings for abuse of discretion. *United States v. Whittemore*, 776 F.3d 1074, 1077-78 (9th Cir. 2015).

At the outset, we agree with the district court that the government's prosecution of Toilolo and his co-defendants at the first trial was "sloppy, inexcusably tardy, and almost grossly negligent." In response to the numerous *Brady, Giglio*, Jencks Act, and Rule 16 violations committed by the government, the district court imposed increasingly severe sanctions including: recalling

several witnesses for additional cross-examination by the defense; giving a jury instruction regarding government misconduct; granting each defendant an additional opening statement; striking the testimony of one of the government's key witnesses; staying the trial for three days to allow the defense to review additional discovery materials and deducting those days from the time allotted to the government's case-in-chief; and referring the first-chair AUSA to the Justice Department's Office of Professional Responsibility. The jury deadlocked on the conspiracy charge against Toilolo, for which the court declared a mistrial. Toilolo argued in six different motions filed during and after the trial that because of the government's discovery violations, the indictment against him should have been dismissed.

Dismissing an indictment on due process grounds historically has been employed in a "slim category of cases" involving police brutality or "physical or psychological coercion against the defendant." *United States v. Simpson*, 813 F.2d 1462, 1465-66 (9th Cir. 1987) (collecting cases) (internal quotation marks and citations omitted). "To violate due process, governmental conduct must be 'so grossly shocking and so outrageous as to violate the universal sense of justice.'" *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991) (quoting *Restrepo*, 930 F.2d at 712). Toilolo does not point to misconduct on the part of the

prosecution in the first trial that meets the "extremely high" due process dismissal standard. *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991).[1]

The district court did not abuse its discretion by refusing to dismiss the indictment under its supervisory powers. A court may dismiss an indictment under its supervisory powers for "flagrant" conduct resulting in "substantial prejudice" to the defendant where "no lesser remedial action is available." *See United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993); *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) (quoting *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988), and *Barrera-Moreno*, 951 F.2d at 1092). Here, the district court's factual finding that the government did not act flagrantly was not clearly erroneous. *Barrera-Moreno*, 951 F.2d at 1091. The district court also determined that any prejudice from the government's discovery violations could be minimized through the "lesser remedial action" of the extensive sanctions it imposed—a

---

[1] Toilolo argues that during the first trial, the government deliberately misrepresented to the court its reasons for not calling Amako Malepeai to testify. The government told the court in an ex parte hearing that it would not be calling Malepeai as a witness because it had failed to turn over text messages between Malepeai and another witness under the Jencks Act. According to Toilolo, the government deliberately concealed from the court the existence of wiretaps of Malepeai from 2001 and 2002 and the government's misrepresentation amounted to a due process violation. Toilolo did not expressly raise this argument to the district court, but even if we were to reach the issue, Toilolo's claim is too speculative to support dismissal of the indictment on due process grounds.

decision to which we owe "substantial deference." *Chapman*, 524 F.3d at 1083.[2]

Accordingly, the district court did not abuse its discretion in refusing to dismiss the indictment under its supervisory powers.

Finally, the district court did not abuse its discretion in refusing to exclude testimony and wiretap evidence from Malepeai at Toilolo's retrial. Even if the government's failure to produce the 2001 and 2002 wiretaps in advance of the first trial was a *Giglio* violation, the potential remedy for such a violation—a new trial—is exactly what Toilolo received when he was retried. Toilolo received the 2001 and 2002 wiretaps well in advance of his retrial with sufficient time to review them such that any prejudice from the non-disclosure before the first trial had lapsed.[3]

AFFIRMED.

---

[2] Even if we accept Toilolo's argument on appeal that the government's failure to disclose the 2001 and 2002 Malepeai wiretaps prior to the first trial was "flagrant misbehavior" rather than negligence or gross negligence, *see Chapman*, 524 F.3d at 1085, Toilolo does not convincingly articulate any resulting prejudice given that Malepeai did not testify at the first trial.

[3] Notably, Toilolo did not impeach Malepeai with the 2001 and 2002 wiretaps during the retrial.